## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHAMERRA SMITH AND WILLIE PAGE** | § | |
| | § | |
| **VS.** | § | **C.A. NO.  4:18-cv-01872** |
| | § | |
| **FIVE STAR TRANSPORT, LLC** | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Five Star Transport, LLC, through undersigned counsel, and petitions this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for removal of this action currently filed in the 133rd Judicial District Court of Harris County, Texas.  In support of this petition, Defendant states as follows:

### BACKGROUND

1.      On May 4, 2018, Plaintiffs, Shamerra Smith and Willie Page filed an Original Petition against Five Star Transport, LCC alleging personal injuries from a traffic incident between two motor vehicles.  This Petition is styled ***Shamerra Smith and Willie Page v. Five Star Transport, LLC;*** Cause No. **2018-30177**; and was filed in the 133rd Judicial District Court of Harris County, Texas.

### Diversity of Citizenship

2.      Plaintiffs are residents of Texas.

3.      Defendant, Five Star Transport, LLC is a corporation organized under the laws of the State of South Carolina with its principle place of business in Mt. Pleasant, South Carolina. Five Start Transport, LLC consents to the removal of this action to Federal Court.

4.      Based on the contention in paragraphs 2 and 3, there is complete diversity between the parties.

605709.1 PLD 0001222 20363 DWP

### Basis for Removal Based on Diversity Jurisdiction

5.     This cause may be removed pursuant to 28 U.S.C. Section 1441(a). "Any civil action brought in state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant... to the District Court of the United States for the district and division embracing the place where such action is pending." This court has jurisdiction over this matter under 28 U.S.C. Section 1332 because there is complete diversity between the parties and the amount in controversy is greater than $75,000.00. Plaintiffs have specifically alleged that Shamerra Smith's damages exceed $1,000,000.00 but not more than $10,000,000.00 and that Willie Page's damages exceed $1,000,000.00 but not more than $10,000,000.00 (*See* Plaintiffs' Original Petition).

### Timely Filed

6.     Defendant Five Star Transport, LLC was served on May 9, 2018 and filed its Original Answer on June 6, 2018, in the 133rd District Court of Harris County, Texas.

7.     Therefore, this Notice of Removal is filed with this Court within thirty (30) days of service of the initial pleading upon the removing Defendant, as required by 28 U.S.C. § 1446(b).

8.     Defendant is entitled to remove this action to the United States District Court for the Southern District of Texas, Houston Division, where the state court action is currently on file.

9.     Pursuant to 28 U.S.C. §1446(b)(2)(A), all Defendants who have been properly joined have consented to the removal of this action and are part of this removal.

### Compliance With Notice Requirements

10.     The District Clerk for Harris County, Texas, has been given written notice of the filing of this Notice of Removal.

11.    Further and pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument

has been contemporaneously given to the Plaintiffs.  A true and correct copy of this Notice of

Removal has been contemporaneously attached as an exhibit with a written notice of removal

filed with the clerk of State Court.

## CONCLUSION

Defendant, therefore, respectfully requests the removal of this action from the 133rd

Judicial District Court of Harris County, Texas.

Respectfully submitted,

David W. Prasifka
SDN:  7516
SBN: 16231700
2900 North Loop West, Suite 500
Houston, Texas  77092
Telephone:  (713) 868-5560
Facsimile:  (713) 864-4671
dwp@lorancethompson.com
**ATTORNEY FOR DEFENDANT**

OF COUNSEL:

LORANCE & THOMPSON, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June, 2018 a true and correct copy of the
foregoing instrument was served electronically, in person, by mail, by commercial delivery
service, by fax, or by email, to the following counsel of record:

David W. Berquist
Cyrus Mahdavi
Berquist Law Firm
1333 West Loop South, Suite 1700
Houston, TX 77027
service@berquistfirm.com

David W. Prasifka

605709.1 PLD 0001222 20363 DWP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHAMERRA SMITH AND WILLIE PAGE** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:18-cv-01872** |
| | § | |
| **FIVE STAR TRANSPORT, LLC** | § | |

## INDEX OF ALL MATTERS BEING FILED

In compliance with 28 U.S.C., Section 1446 and Local Rule 81 the following documents are attached to this Notice of Removal:

Exhibit A    All executed process in this matter;

Exhibit B    All pleadings on file in the district court action;

Exhibit C    All orders signed by the state judge;

Exhibit D    The docket sheet in the district court action; and,

Exhibit E    List of all counsel of record.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN: 16231700
dwp@loranecthompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
**ATTORNEY FOR DEFENDANT**
**FIVE STAR TRANSPORTATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___8___ day of June, 2018 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

David W. Berquist
Cyrus Mahdavi
Berquist Law Firm
1333 West Loop South, Suite 1700
Houston, TX 77027
service@berquistfirm.com

David W. Prasifka



5/16/2018 10:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24630220
By: EVELYN PALMER
Filed: 5/16/2018 10:12 AM

CAUSE NO.  201830177

RECEIPT NO.              0.00   CIV
\*\*\*\*\*\*\*\*\*             TR # 73491666

PLAINTIFF: SMITH, SHAMERRA
           vs.
DEFENDANT: FIVE STAR TRANSPORT LLC

In The  133rd
Judicial District Court
of Harris County, Texas
133RD DISTRICT COURT
Houston, TX

### CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: FIVE STAR TRANSPORT LLC (FOREIGN CORPORATION) BY SERVING THE CHAIRMAN
OF THE TEXAS TRANSPORTATION COMMISSION 125 E 11TH STREET AUSTIN TEXAS 78701
FORWARD TO:

   950  HOUSTON NORTHCUTT· MT PLEASANT SC 29484

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>4th day of May, 2018</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 4th day of May, 2018, under my hand and
seal of said Court.

<u>Issued at request of:</u>
FEIZ-MAHDAVI, CYRUS
1333 WEST LOOP S SUITE 1700
HOUSTON, TX 77027
Tel: (713) 655-8000
<u>Bar No.:</u> 24105853

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: ELDRIDGE, WALTER F  J8P//10944414

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_\_.M., on the \_\_\_\_\_ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock \_\_\_\_.M., on the \_\_\_\_\_ day of _____,

\_\_\_\_\_, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the

attached thereto and I endorsed on said copy of the Citation the date of delivery. Petition
To certify which I affix my hand officially this _____ day of _____, \_\_\_\_\_.

FEE: $ _____

_____ County, Texas

_____       By _____
     Affiant                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this \_\_\_\_\_ day of _____, _____.

_____
                Notary Public

N.INT.HWY.P

EXHIBIT
A

IN THE 133RD JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

CAUSE NO. <u>201830177</u>

SHAMERRA SMITH
VS
FIVE STAR TRANSPORT LLC

# RETURN

Came to my hand:    <u>5/9/2018</u>    , at    <u>02:05</u>    o'clock    <u>P.M.</u>

- **Citation**
- **Plaintiff's Original Petition and Request for Disclosure**
- **Jury Demand**
- $25 Fee

Executed by me on:    <u>05/09/2018</u>    , at    <u>3:00</u>    o'clock    <u>P.M.</u>

at <u>125 E. 11TH STREET, AUSTIN, TX 78701</u> within the county of <u>TRAVIS</u>, by delivering to <u>FIVE STAR TRANSPORT LLC</u>  by delivering to the Chairman of the Texas Transportation Commission, by delivering to <u>      Bailey Hamer      </u> authorized agent, in person, true copies, in duplicate, of the above specified documents having first endorsed on each copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit and I declare under penalty of perjury that the foregoing is true and correct .

Authorized Person: _Kelly Murshi ; PSC 5912_
Expiration Date: _10 / 31 / 2018_

STATE OF TEXAS    }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her  personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the _10th_ day of
_May_ , 2018

**Notary Public**

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733578



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 7, 2018

Certified Document Number:        79967214 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

5/4/2018 10:38 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24367432
By: Walter Eldridge
Filed: 5/4/2018 10:38 AM

# 2018-30177 / Court: 133

## CAUSE NO. _____

| | | |
|---|---|---|
| **SHAMERRA SMITH and WILLIE PAGE** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **vs.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **FIVE STAR TRANSPORT, LLC** | § | |
| *Defendant* | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, SHAMERRA SMITH and WILLIE PAGE, hereinafter called Plaintiffs, complaining of and about FIVE STAR TRANSPORT, LLC, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

    1.    Plaintiffs intend that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

    2.    Plaintiff, SHAMERRA SMITH, is an Individual whose address is 7320 North Jensen, Apt. 126, Houston, Texas 77093. The last three digits of her social security number are 620.

    3.    Plaintiff, WILLIE PAGE, is an Individual whose address is 7320 North Jensen, Apt. 126, Houston, Texas 77093. The last three digits of her social security number are 900.

    4.    Defendant, FIVE STAR TRANSPORT, LLC, a foreign corporation organized and existing under the laws of South Carolina, whose principal office is located at 950 Houston Northcutt, MT Pleasant, South Carolina 29484, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as

Certified Document Number: 79787964 - Page 1 of 7



EXHIBIT
B

defendant's agent for service because defendant's agent/employee was a party to a collision or accident while operating a motor vehicle in Texas. *See* TEX. CIV. PRAC. & REM. CODE §§ 17.062(a), 17.063.

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because Defendant's agent/employee, while in the course and scope of his employment for Defendant FIVE STAR TRANSPORT, LLC, operated a motor vehicle in Texas that was involved in a collision or accident. *See* TEX. CIV. PRAC. & REM. CODE §§ 17.042(2), (3).

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

8. On or about April 2, 2018, Plaintiffs were traveling in Harris County, Texas when Defendant's employee, while in the course and scope of his employment for Defendant FIVE STAR TRANSPORT, LLC, caused a collision with the Plaintiffs. As a result of the collision, Plaintiffs suffered serious bodily injuries.

### V. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT FIVE STAR TRANSPORT, LLC

9. Plaintiff was injured as a result of Defendant FIVE STAR TRANSPORT, LLC's employee's negligence.

10. Defendant FIVE STAR TRANSPORT, LLC's employee's negligence was performed while employee was within the course and scope of that employment.

2

Certified Document Number: 7978764 - Page 2 of 7

11.    Defendant FIVE STAR TRANSPORT, LLC's employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12.    Plaintiffs' injuries were proximately caused by Defendant FIVE STAR TRANSPORT, LLC's employee's negligent, careless and/or reckless disregard of said duty.

13.    The negligent, careless and/or reckless disregard of duty of Defendant FIVE STAR TRANSPORT, LLC's employee consisted of, but is not limited to, the following acts and omissions:

A.    In that Defendant's employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.    In that Defendant's employee failed to yield as a person of prudent care would have done;

C.    In that Defendant's employee failed to turn his motor vehicle in an effort to avoid the collision complained of;

D.    In that Defendant's employee failed to operate a motor vehicle as a person using ordinary prudent care would have done;

E.    In that Defendant's employee operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

F.    In that Defendant's employee failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

G.    In that Defendant's employee failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

H.    In that Defendant Defendant's employee was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

Certified Document Number: 79787964 - Page 3 of 7

3

I.      In that Defendant Defendant's employee failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

J.      In that Defendant Defendant's employee failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle; and

K.      In that Defendant failed to make a legal right turn.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST FIVE STAR TRANSPORT, LLC

14.     Defendant, FIVE STAR TRANSPORT, LLC was negligent in entrusting a vehicle to its employee, when it knew, or should have known, its employee was a reckless and/or irresponsible driver. These acts and omissions, singularly or in combination with others, constitute negligence and negligence per se, which proximately caused the occurrences that made the basis of this action for the injuries and damages to the Plaintiffs.

## VII. DAMAGES FOR PLAINTIFF SHAMERRA SMITH

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff SHAMERRA SMITH, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, SHAMERRA SMITH for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

4

Certified Document Number: 79787964 - Page 4 of 7

E.   Loss of earnings in the past;

F.   Loss of earning capacity which will, in all probability, be incurred in the future;

G.   Loss of Household Services in the past;

H.   Loss of Household Services in the future;

I.   Mental anguish in the past;

J.   Mental anguish in the future; and

K.   Property damage, storage, towing and rental expenses.

### VIII. DAMAGES FOR PLAINTIFF WILLIE PAGE

16.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff WILLIE PAGE, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

A.   Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, WILLIE PAGE for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Loss of earnings in the past;

F.   Loss of earning capacity which will, in all probability, be incurred in the future;

G.   Loss of Household Services in the past;

5

Certified Document Number: 79787964 - Page 6 of 7

H.    Loss of Household Services in the future;

I.    Mental anguish in the past; and

J.    Mental anguish in the future.

## IX.  DEMAND FOR TRIAL BY JURY

17.    Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## X.  REQUEST FOR DISCLOSURE

18.    Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, WILLIE PAGE and SHAMERRA SMITH, respectfully pray that the Defendant FIVE STAR TRANSPORT, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By:

6

**David W. Bergquist**
Texas Bar No. 24040512
**Cyrus Mahdavi**
Texas Bar No. 24105853
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel. (713) 655-8000
Fax. (713) 739-0000
service@bergquistlawfirm.com
Attorneys for Plaintiffs
*WILLIE PAGE and SHAMERRA SMITH*

Certified Document Number: 79787964 - Page 7 of 7

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 7, 2018

Certified Document Number:        79787964 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**CIVIL CASE INFORMATION SHEET**

5/4/2018 10:38:32 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 24367432
By: ELDRIDGE, WALTER F
Filed: 5/4/2018 10:38:32 AM

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 2018-30177 / Court: 133    COURT *(FOR CLERK USE ONLY)*:

STYLED SHAMERRA SMITH AND WILLIE PAGE VS. FIVE STAR TRANSPORT, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Cyrus Mahdavi<br><br>Address:<br>1333 West Loop S, Suite 1700<br><br>City/State/Zip:<br>Houston, Texas 77027<br><br>Signature:<br><br>Email:<br>cm@bergquistlawfirm.com<br><br>Telephone:<br>713.655.8000<br><br>Fax:<br>713.739.0000<br><br>State Bar No:<br>24105853 | Plaintiff(s)/Petitioner(s):<br><br>Shamerra Smith<br>Willie Page<br>_____<br>_____<br><br>Defendant(s)/Respondent(s):<br><br>Five Star Transport, LLC<br>_____<br>_____<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>_____<br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: _____ | | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | | | | **Parent-Child Relationship** |
| | | | | | ☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | | |
| **Tax** | **Probate & Mental Health** | | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

▨ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
▨ Less than $100,000 and non-monetary relief
▨ Over $100, 000 but not more than $200,000
▨ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

Certified Document Number: 79787965 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 7, 2018

Certified Document Number:        79787965 Total Pages:  2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/6/2018 5:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25113810
By: Jacob Blessing
Filed: 6/6/2018 5:23 PM

## CAUSE NO. 2018-30177

| | | |
|---|---|---|
| SHAMERRA SMITH AND WILLIE PAGE | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| FIVE STAR TRANSPORT, LCC | § | 133RD JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER, REQUEST FOR JURY TRIAL, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Five Star Transport, LCC, and files this Answer to the petition filed by Plaintiffs, and would respectfully show unto this Honorable Court as follows:

### I.

### GENERAL DENIAL

1.     As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiffs' Petition and asks that these matters be properly decided by this Honorable Court and Jury.

### II.

### AFFIRMATIVE DEFENSES

2.     Answering specifically, Defendant would show the Court and Jury that the accident was caused by Plaintiffs' failure to exercise that degree of care which persons of ordinary prudence under the same or similar circumstances would have exercised and, as such, said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

3.     Defendant requests that the Court submit questions and ask the Jury to assess the proportionate responsibility of Plaintiffs pursuant to Texas Civil Practice & Remedies Code 33.001 *et. seq.*

605669.1 PLD 0999999 1 DWP

Certified Document Number: 80248504 - Page 1 of 5

4.     Pleading further, or in the alternative, the accident at issue in this case is the result of an unavoidable accident.

5.     Pleading further, or in the alternative, the accident in question was caused by the acts or omissions of parties or instrumentalities over which Defendant had no control.

6.     Pleading further, or in the alternative, this accident is the result of independent or intervening causation, breaking the connection between any action of Defendant and the accident made the basis of this suit.

7.     Pleading further, or in the alternative, Defendant states that the accident in question is the result of a sudden emergency situation.

8.     Defendant further invokes §18.091 of the Texas Civil Practice & Remedies Code and request that to the extent Plaintiffs seek recovery for lost wages, or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to the Texas Civil Practice & Remedies Code and other applicable statutes and/or case law.

9.     Pleading further, Defendant invokes the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code and request that to the extent Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.     Pleading further, to the extent that Plaintiffs had or have coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical and and/or healthcare expenses allegedly incurred by Plaintiffs in connection with

Certified Document Number: 80248504 - Page 2 of 5

the incident in question and/or the injuries allegedly resulting therefrom, the Defendant would show that Plaintiffs failed to mitigate their alleged damages by failing to submit such healthcare expenses to its insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiffs' insurer(s) and/or health benefit plan. Furthermore, to the extent that Plaintiffs' health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

11.    Pursuant to §304.1045 of the Texas Finance Code, pre-judgment interest is not available to Plaintiffs on future damages, if any.

12.    Pleading additionally, or in the alternative, Defendant contend the Plaintiffs failed to mitigate their damages. Plaintiffs' damages were caused or exacerbated due to their failure to mitigate.

## III.
## DEMAND FOR JURY TRIAL

13.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby formally makes this demand for a trial by jury and pays the jury fee in the amount of $40.00.

605669.1 PLD 0999999 1 DWP

## IV.

## REQUEST FOR DISCLOSURE

14.    Pursuant to the Texas Rules of Civil Procedure, Defendant requests Plaintiffs' disclosure, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2 (a)-(l).

## V.

15.    By way of further Answer, Defendant hereby gives actual notice to Plaintiffs that any and all documents produced during discovery may be used against the Plaintiffs, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, Five Star Transport, LCC, prays that Plaintiffs take nothing by this suit and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Plasifka
SBN. 16231700
dwp@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
**ATTORNEYS FOR DEFENDANT**

Certified Document Number: 80248504 - Page 4 of 5

605669.1 PLD 0999999 1 DWP

## CERTIFICATE OF SERVICE

I hereby certify that on this ___6___ day of June, 2018 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

David W. Berquist
Cyrus Mahdavi
1333 West Loop South, Suite 1700
Houston, TX 77027
service@berquistfirm.com

David W. Prasifka

605669.1 PLD 0999999 1 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    June 7, 2018

Certified Document Number:        80248504 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**NO ORDERS HAVE BEEN ENTERED**



Harris County Docket Sheet

# 2018-30177

**COURT:** 133rd
**FILED DATE:** 5/4/2018
**CASE TYPE:** Motor Vehicle Accident



### SMITH, SHAMERRA

Attorney: FEIZ-MAHDAVI, CYRUS

### vs.

### FIVE STAR TRANSPORT LLC

Attorney: PRASIFKA, DAVID WAYNE

| Docket Sheet Entries | |
|---|---|
| Date | Comment |



EXHIBIT

D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHAMERRA SMITH AND WILLIE PAGE** | § | |
| | § | |
| **VS.** | § | **C.A. NO.** |
| | § | |
| **FIVE STAR TRANSPORT, LLC** | § | |

**LIST OF COUNSEL OF RECORD**

**Attorneys for Plaintiffs:**

David W. Bergquist
SBN: 24040512
Cyrus Mahdavi
SBN: 24105853
Bergquist Law Firm
1333 West Loop South, Suite 1700
Houston, TX 77027
713/655-8000
713/739-0000 (fax)
service@bergquistfirm.com

**Attorney for Defendant:**

David W. Prasifka
FBN: 7516
SBN: 16231700
LORANCE & THOMPSON
2900 North Loop West, Ste. 500
Houston, Texas  77092
713/868-5560
713/864-4671 (fax)
dwp@lorancethompson.com



Respectfully submitted,

LORANCE & THOMPSON

David W. Prasifka
Federal Bar No. 7516
SBN: 16231700
Email: dwp@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June, 2018 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

David W. Berquist
Cyrus Mahdavi
Berquist Law Firm
1333 West Loop South, Suite 1700
Houston, TX 77027
service@berquistfirm.com

David W. Prasifka

605713.1 PLD 0001222 20363 DWP